**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 2, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

IRINEO GARCIA,

    Plaintiff - Appellant,

v.

DAN SCHNURR; MISTI KROEKER;
GERALD SHERIDAN; CHRIS
SCHNEIDER; MICHAEL LAMB;
DAVID GORGES; JEFFREY
PETTIJOHN; NATASHA HAYS; APRIL
RICHARDS; ANGELA WEST; MACY
ROOT; JOE JACKSON; DEB LUNDRY;
DON MEAD; CORIZON; DOUGLAS W.
BURRIS,

    Defendants - Appellees.

No. 19-3287
(D.C. No. 5:19-CV-03108-SAC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McHUGH**, and **EID**, Circuit Judges.
_____

Irineo Garcia, an inmate in the Hutchinson Correctional Facility in

Hutchinson, Kansas (HCF), appearing pro se, appeals the district court's order

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dismissing his 42 U.S.C. § 1983 civil rights action against the above-named HCF officials and employees, which alleged various violations of his constitutional rights. Exercising jurisdiction under 28 U.S.C. § 1291, we vacate the order and remand for further proceedings.

Garcia's complaint alleged that defendants violated his constitutional rights by (1) improperly responding to and retaliating against him for filing grievances; (2) failing to provide access to a shower that complied with the Americans with Disabilities Act (ADA); and (3) not giving him proper post-surgical medication. He did not file any supporting documentation with his complaint.

Performing its screening function, the district court ordered Garcia to show cause why his complaint should not be dismissed for failure to state a claim, *see* 28 U.S.C. § 1915A(a), (b)(1), and gave him an opportunity to file an amended complaint curing the pleading deficiencies identified in the order. *See Hall v. Bellmon*, 935 F.2d 1106, 1109-10 & n.3 (10th Cir. 1991) (recognizing that before dismissing a pro se prisoner's complaint sua sponte, the court should give him an opportunity to remedy the defects in his pleadings).

At Garcia's request, the court granted an extension through December 20, 2019, to respond to the show cause order and file an amended complaint, but he did neither. On December 23, the district court dismissed the complaint for failure to state a claim under § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

On December 28, 2019, Garcia filed what he captioned as an "Appeal of Judgment," which the district court understandably docketed as a Notice of Appeal.

2

R. at 52.  In substance, however, the Appeal of Judgment was a motion to reconsider the dismissal order, with an attached amended complaint and supporting documentation.  *See* R. at 52-101.  In it, Garcia explained that he attempted to e-file his amended complaint on the extended deadline but was unable to do so, and was resubmitting it.  He attached an unsworn "Affidavit of Truth" from an HCF staff member stating "under penalty of perjury" that he or she "e-filed [Garcia's] complaint on December 20, 2019."  R. at 54.

In his brief on appeal, Garcia indicates he "e-filed an amended complaint as directed by the court with supporting documentation on the extended deadline "but the system was messed up an[d] no one noticed until after" the district court had entered the dismissal order.  Aplt. Br. at 2.  Relying on the local rule providing that a party whose electronic filing "is made untimely as the result of a technical failure may seek appropriate relief from the court," D. Kan. R. 5.4.11[1], Garcia argues the district court should have "use[d]" the amended complaint he filed with the Appeal of Judgment, which he said cured the deficiencies identified in the show cause order.

Garcia's pro se status entitles him to a liberal reading of his pleadings.  *See* *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).  In substance, his Appeal of Judgment was a motion to reconsider the dismissal order and an amended complaint filed in response to the show cause order.  Because it is apparent from the district court docket that the court treated his filing as a notice of appeal instead of as

---

[1] Garcia mistakenly cited D. Kan. Rule CR49.11—the criminal counterpart to Rule 5.4.11—in his brief.

a motion to reconsider, we vacate the dismissal order and remand the case to the district court to rule on the motion to reconsider. In so doing, we express no opinion about how the district court should rule on the motion and whether the amended complaint cures the pleading deficiencies identified in the show cause order.

We grant Garcia's motion to proceed in forma pauperis and remind him of his obligation under § 1915(b) to make payments until the appellate filing fee is paid in full.

Entered for the Court


Carolyn B. McHugh
Circuit Judge